Dear Representative McQuitty:
This opinion is in response to your question asking:
 Is dog food purchased for use and consumption at a commercial canine operation subject to Missouri sales tax?
Section 144.030.2(1), RSMo Supp. 1985, creates a sales tax exemption for "feed for livestock or poultry to be sold ultimately in processed form or otherwise at retail". Seealso Section 144.030.2(22), RSMo Supp. 1985; 12 CSR 10-3.278
(discussing the exemption for feed additives).
12 CSR 10-3.286 states:
 (1) Livestock is defined as an animal normally raised or grown as food for human consumption such as cattle swine and sheep. Other animals not normally raised or grown as food for human consumption such as horses, cats, dogs, chinchillas, and laboratory animals such as rats, mice, hamsters, primates and guinea pigs are not livestock and feed for these animals is subject to the sales tax.
 (2) Example 1: A rabbit farmer raises rabbits which are sold for processing as food for human consumption. Persons selling the feed would not be subject to sales tax as the rabbits are considered livestock in this situation.
 (3) Example 2: A person selling feed to a pet shop, raising rabbits which are sold to the general public for pets is subject to the sales tax on the feed at the time of sale. Persons selling rabbits for pets are subject to the sales tax on the gross receipts from all such sales.
(Emphasis added.)
The foregoing rule of the Missouri Department of Revenue indicates that dogs are not "livestock". This is consistent with the law in other jurisdictions. See, e.g., Pedersenv. Green, 105 So.2d 1 (Fla. 1958) (held that a sales tax exemption for "feeds" would include feed for zoo animals and,inter alia, dogs, but that a subsequent sales tax exemption for "feed for livestock" would raise additional revenue because it was more restrictive); Howard Herrin v. Nashville, C. St. L. Ry. Co., 153 Tenn. 649, 284 S.W. 894 (1926) (dogs are not livestock); Brundidge Milling Company, Inc. v. State,45 Ala. App. 208, 228 So.2d 475 (1969) (court, in considering whether farm-grown catfish are livestock, rejected appellant's argument that, but for the express exemption of cats and dogs in Alabama's "feed for livestock" sales tax exemption, they would be included as livestock); Development Associates, Inc. v. WakeCounty Board of Adjustment, 48 N.C. App. 541, 269 S.E.2d 700
(1980), petition denied, 301 N.C. 719, 274 S.E.2d 227 (1981) (dogs are pets, not livestock); Kansas Attorney General Opinion, dated February 9, 1983 (sales of feed for dogs not entitled to sales tax exemption, because dogs are not raised for consumption); Maryland Attorney General Opinion, dated June 22, 1983 ("feed for livestock" exemption in Maryland sales tax act did not include food for dogs); Mississippi Attorney General Opinion, dated October 7, 1977 (feed mill manufacturing dog food was subject to city license tax, as mill was not entitled to feed for livestock exemption; dogs are not livestock); Advisory Opinion of the New York State Tax Commission (Petition No. 5800716A, dated January 6, 1981) (concluding that the commercial raising and feeding of dogs for sale as pets did not constitute "farming" for purposes of sales tax exemption).
Accordingly, we conclude that dog food purchased for use and consumption at a commercial canine operation is subject to Missouri Sales Tax.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General